MERIDIAN MUTUAL FIRE INSURANCE COMPANY *v.* DEFFENDOLL.

[No. 10,627. Filed December 22, 1920.]

1. APPEAL.—*Harmless Error.*—*Matter of Law.*—*Submitted to Jury.*—*Correct Result Reached.*—No harm is done when a matter of law is erroneously submitted to the jury for decision,

502    APPELLATE COURT OF INDIANA,

Meridian, etc., Fire Ins. Co. v. Deffendoll—74 Ind. App. 501.

where by their verdict they arrive at the same conclusion that would have been required of the court under the facts proved. p. 506.

2. INSURANCE.—*Agent.—Authority to Deliver Policy.—Collection of Premiums.—Waiver of Contrary Policy Provisions.*— An agent of an insurance company, with the fire policy in his hands for delivery, is fully authorized by law to receive the premium, thereby waiving any provision of the policy to the contrary. p. 506.

3. INSURANCE.—*Premium Paid to Agent.—Statute.—Compliance.* —Payment of premium to an agent of the company at the time of delivery by such agent of a fire policy, is a sufficient compliance with §4789i, cl. 3, Burns' Supp. 1918, Acts 1915 p. 571, §9, providing that a premium upon each application shall be collected in cash. p. 506.

4. INSURANCE.—*Extent of Loss.—Actions on Policies.—Amount of Recovery.—Damages.*—In an action on a fire policy, a verdict for the full amount thereof was not too large in a case of total loss, where the property was insured for less than its value. p. 507.

From Gibson Circuit Court; *S. L. Vandeveer,* Judge.

Action by George W. Deffendoll against the Meridian Mutual Fire Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*V. H. Manifold, Ephraim O'Harra, W. D. Curll* and *Harvey Harmon,* for appellant.

*Harry W. Carpenter* and *Frank Ely,* for appellee.

NICHOLS, J.—This was an action by appellee to recover on a policy of insurance issued by appellant on a stock of merchandise owned by appellee, and which was destroyed by fire.

It is averred in the first paragraph of the complaint that appellant has its principal office in the city of Indianapolis, with agents located in divers counties of the state, and on February 2, 1918, had a local agent in the town of Petersburg, Indiana. By its policy of insurance duly executed and transmitted by its general agent to its local agent at Petersburg, and by such agent delivered to appellee, appellant insured appellee against

loss or damage by fire to the amount of $1,000 upon his stock of merchandise. The value of the property insured was $3,000. On March 1, 1918, while the insurance was in full force and effect the property was wholly destroyed by fire. At said time it was owned by appellee and was then of the value of $3,000. Notice as required by the policy was given by appellee, and thereupon appellant directed one Williams of the Western Adjustment and Inspection Company to adjust the loss so sustained by appellee, but after such adjustment appellant has refused to pay appellee. Appellee has averred that he has fulfilled and performed all the conditions to be by him performed under the terms of the policy. The facts averred in the second paragraph of complaint are substantially the same as the first.

To this complaint appellant answered in two paragraphs, the first being a denial, and the second averring in substance that the policy of insurance sued on was issued pursuant to an application made to appellant, which is made a part of such second paragraph of answer, and which contains the provision that "no insurance shall be in force until this application is approved and the policy issued thereon delivered, and the insured has complied with all the terms and provisions of the by-laws of the insurance company." Such application and by-laws are made a part of the policy and binding upon appellee. The policy further provides that the insured agrees to make all payments on account of premiums and assessments when so required by the application and by-laws of the company, the making of which said payments shall be a condition precedent to any liability of appellant to appellee under the policy, and further that all such payments must be paid to and received by appellant at its home office in Indianapolis before any loss shall have occurred, before appellant shall be liable for any loss under the policy, and no notice of de-

504     APPELLATE COURT OF INDIANA,

Meridian, etc., Fire Ins. Co. *v.* Deffendoll—74 Ind. App. 501.

fault or nonpayment is required. The premium and no part thereof due and payable from appellee to appellant had been paid at the time of the loss complained of, but, on the contrary, the premium for said policy was forwarded to appellant by one Cyrus N. Deffendoll, insurance broker and agent of appellee, on March 13, 1918, and thirteen days subsequent to the loss complained of, which premium was immediately returned to appellee, who was at the same time notified of appellant's refusal to admit liability because of the failure of appellee to pay the premium on the policy; that appellant never extended credit to appellee for premiums on the policy, or authorized or permitted anyone so to do, but that at the time of forwarding the policy they inclosed a bill for the amount of the premium to appellee's agent, Cyrus M. Deffendoll; that said Cyrus M. Deffendoll was at no time since the loss or was not at any time the agent of appellant company, but, on the contrary, was the agent of appellee, all of which should have been well known to appellee as provided in lines 47 and 48 of appellant's policy, which reads as follows:

"In any matter relating to this policy, no person, unless duly authorized in writing, shall be deemed the agent of this company."

Appellant never authorized Cyrus M. Deffendoll in writing nor in any other way to become the agent of appellant, but, on the contrary, accepted the application from said Cyrus M. Deffendoll as an insurance broker and agent of appellee.

To the second paragraph of answer appellee replied in two paragraphs, the first a denial, and the second averring that at the time said application for insurance was executed by appellee and delivered to Cyrus M. Deffendoll, agent of appellant, and at the time when said agent of appellant delivered the policy sued on to appellee he, said appellee, did not know and was never

informed by appellant, or any agent of appellant, of the by-laws of appellant included in such section as are pleaded and set forth in said second paragraph of answer; that when said policy was delivered to appellee by said agent of appellant he, appellee, at the time of said delivery paid to said agent the full amount of said premium then and there due to appellant on said policy; that at said time said Cyrus M. Deffendoll was the agent of appellant; that at said time appellee asked said agent to whom he, appellee, must pay said premium then and there due on said policy, and that said agent informed appellee that it was proper and right to pay said premium to him, said agent; that thereupon appellee did pay said premium to said agent. Wherefore appellee avers that appellant has waived all the provisions of said by-laws pleaded by it in its second paragraph of answer, and that appellant should be estopped from claiming any benefits under said by-laws so pleaded.

The cause was submitted to a jury for trial with verdict for appellee in the sum of $1,000. After motion for a new trial, which was overruled, this appeal.

The only error assigned is the overruling of appellant's motion for a new trial, which presents as reasons therefor that the verdict is not sustained by sufficient evidence, that it is contrary to law, that the assessment of the amount of recovery was erroneous, being too large, that the court erred in giving on its own motion each of certain instructions, and in refusing to give each of certain instructions tendered by appellant, in admitting certain evidence over the objection of appellant, and in excluding certain evidence offered by appellant.

Appellee contends that the general bill of exceptions is not in the record, but we hold that, while there is some confusion in the record as to the bill of exceptions being filed after it was signed by the judge, with the assistance of the clerk's certificate to his return to a

506    APPELLATE COURT OF INDIANA,

Meridian, etc., Fire Ins. Co. v. Deffendoll—74 Ind. App. 501.

writ of *certiorari*, the bill is in the record, and it will be considered.

The substantial question to be determined by this court is whether Cyrus Deffendoll was the agent of appellant at the time that he received appellee's 1-2. application for insurance and transmitted it to appellant, and thereafter when he received appellee's policy from appellant and delivered it to appellee, receiving from appellee the premium therefor. Appellant contends that this was a question of law for the trial court, and that it was error for the court to submit it to the jury. However, if appellant is right in such contention, no harm was done, for the undisputed evidence abundantly shows that Deffendoll was appellant's agent, and the court could have reached no other conclusion under the facts proved. As such agent, with the policy in his hands for delivery to appellee, he was fully authorized by law to receive the premium from appellee, thereby waiving any provision of the policy to the contrary. *Terry* v. *Provident Fund Society* (1895), 13 Ind. App. 1, 41 N. E. 18, 55 Am. St. 217; *Prudential Ins. Co.* v. *Sullivan* (1901), 27 Ind. App. 30, 59 N. E. 873; *Kerlin* v. *National Accident Assn.* (1893), 8 Ind. App. 628, 35 N. E. 39, 36 N. E. 156; *Neff* v. *Metropolitan Life Ins. Co.* (1906), 39 Ind. App. 250, 73 N. E. 1041; *Indiana Ins. Co.* v. *Hartwell* (1890), 123 Ind. 177, 24 N. E. 100; *Thompson* v. *Michigan, etc., Ins. Co.* (1914), 56 Ind. App. 502, 105 N. E. 780.

Section 4789i Burns' Supp. 1918, Acts 1915 p. 571, §9, provides that a premium upon each application shall be collected in cash, but we hold that, the premium 3. having been paid to appellant's agent at the time of the delivery of the policy to appellee, the policy was not thereafter invalid.

The rulings of the court in giving and refusing instructions, each of which instructions pertained to the

payment of the premium for the policy, were in harmony with the foregoing conclusions which we have reached, and it is therefore unnecessary to discuss them.

Appellee testified that the value of the property covered by the policy was $2,800. The total insurance on such property was $2,250, of which $1,000 was represented by the policy in suit. A verdict for $1,000 was therefore not too large. There was no reversible error in admitting evidence. The judgment is affirmed.